ericcrisostomo.ple

LEONARDO M. RAPADAS
United States Attorney
FREDERICK A. BLACK
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

FILED
DISTRICT COURT OF GUAM
MAR 1 1 2008
JEANNE G. QUINATA
Clerk of Court

FILED
DISTRICT COURT OF GUAM
FEB 2 8 2008
JEANNE G. QUINATA
Clerk of Court

Attorneys for the United States of America

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC GUERRERO CRISOSTOMO,<br><br>Defendant. | CRIMINAL CASE NO. 08-00006<br><br>**AMENDED**<br>**PLEA AGREEMENT** |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, ERIC GUERRERO CRISOSTOMO, agrees to the following plea agreement:

1. The defendant agrees to enter a guilty plea to an Indictment charging him with Felon in Possession of Firearm, in violation of Title 18, United States Code, Section 922(g)(1) AND 924(A)(2).

2. The defendant, ERIC GUERRERO CRISOSTOMO, understands that the <u>maximum</u> sentence for Felon in Possession of a Firearm is a term of ~~five (5)~~ ten (10) years imprisonment, a ~~$100,000~~ $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of not more than three (3) years in addition to such term of imprisonment. Defendant understands that if he violates a condition

-1-

of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence him up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

3. If defendant pleads guilty as set forth in Paragraph 1, the government will recommend that defendant receive the minimum term of incarceration recommended by the Sentencing Guidelines. The Guidelines are advisory in nature and the court is not bound by them.

4. The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

5. The defendant understands that to establish a violation of Felon in Possession of a Firearm as charged pursuant to 18 U.S.C. § 922(g), the government must prove each of the following elements beyond a reasonable doubt:

> First: the defendant knowingly possessed a firearm;
>
> Second: the firearm had been shipped in interstate of foreign commerce; and
>
> Third: at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

6. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born in 1964, and is a citizen of the United States.

(b) If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and

-2-

Case 1:08-cr-00006 Document 15 Filed 03/11/2008 Page 2 of 5

therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range.

(c) Defendant was convicted on November 18, 1999 for one count of Possession of a Firearm without an Identification Card (As a 3rd Degree Felony), Superior Court of Guam Case No. CF373-97. On October 9, 2003 that the defendant was convicted for one count of Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony), Superior Court of Guam Case No.CF28-03; and, one count of Possession of a Firearm without an Identification Card (As a Felony). On December 16, 2007, he knowingly possessed in affecting commerce a firearm, to wit: a .25 caliber Beretta Pistol, serial number DAA032128, which had been shipped and transported in interstate or foreign commerce.

(d) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancies are not a basis to withdraw his guilty plea.

7. In exchange for the Government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. The defendant agrees that the government has bargained for a criminal conviction arising from his conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or if any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

8. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

-3-

(a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) His right to be represented by an attorney;

(c) His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

(d) That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court does not accept the sentencing recommendations of the government or his counsel;

(f) That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

(g) That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

//
//
//
//
//
//
//
//

-4-

(h) The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 2/27/08

*[signature]*
ERIC GUERRERO CRISOSTOMO
Defendant

DATED: 2/27/08

*[signature]*
JOHN T. GORMAN
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 2/28/08    By: *[signature]*
FREDERICK A. BLACK
Assistant U.S. Attorney

DATED: 2/28/08

*[signature]*
JEFFREY J. STRAND
First Assistant U.S. Attorney